STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| Appeal of Teeter | } | Docket No. 195-11-03 |
| | Vtec | |
| | } | |
| | } | |

### Decision and Order on Appellees' Motion to Dismiss and for Summary Judgment

Appellant Stanley Teeter appealed from a decision of the Planning Commission[1] of the Town of Norwich approving a three-lot subdivision of property of Appellee-Applicants Edwin and Joyce Childs. Appellant is represented by Brad W. Wilder, Esq.; Appellee-Applicants Edwin and Joyce Childs are represented by C. Daniel Hershenson, Esq.; and the Town of Norwich is represented by Frank H. Olmstead, Esq. Appellee-Applicants have moved to dismiss Questions 1, 2 and 3 of the Statement of Questions as moot or beyond the scope of the Environmental Court's jurisdiction, and have moved for summary judgment in their favor on Questions 4 and 5 of the Statement of Questions.

The following facts are undisputed unless otherwise noted. Appellee-Applicants own an approximately rectangular 85.94-acre parcel of land, bounded on its northeasterly truncated corner by Turnpike Road, a town road. An existing fifty-foot-wide non-exclusive

right-of-way (the "fifty-foot-wide right-of-way") runs southerly from Turnpike Road on Town land along an existing parcel owned by Jorgensen[2], and continues on Town land along or near the easterly boundary of Appellee-Applicants' property.  Appellee-Applicants' property is bounded both on its easterly and its southerly sides by land now owned by the Town, on its westerly side by land of the Barbara G. Britton Revocable Trust, and on its northerly side by Appellant's land.

In October of 1978, Allen H. Britton, Jr., conveyed to the Town of Norwich a 7.3-acre triangular parcel of land bounded on its westerly side by the Childs parcel at issue in the present appeal and extending some 70 feet onto the Town land lying to the south of the Childs parcel, bounded on its northeasterly side by Turnpike Road, and bounded on its southerly side by then-retained lands[3] of Britton.  In that conveyance to the Town, Britton reserved the fifty-foot-wide right-of-way running from Turnpike Road to what was then Britton's retained land.  The deed also provided that "[i]t is further expressly a condition of this conveyance that:"

> 1.  Edwin S. Childs and Joyce B. Childs, contig[u]ous land owners along the westerly boundary of the parcel herein conveyed shall use a part of the reserved right-of-way for access to the lands of the Childs.
>
>     \*            \*            \*
>
> 5.  That the land is not to be used for any over night activities.

Appellee-Applicants propose to subdivide their property into three parcels containing 18.08, 6.00, and 61.86 acres, respectively, and to deed the 61.86-acre parcel to the Town, with conservation restrictions being held by the Upper Valley Land Trust.

After the subdivision approval had been appealed to this Court, but before the briefing of these motions, in March of 2004, in contemplation of and conditioned on this subdivision and the conveyance to the Town of the 61.86-acre parcel, the Town granted to Appellee-Applicants a non-exclusive easement over the fifty-foot-wide right-of-way, plus an easement of an additional narrow triangle of land to filling in the small area between the existing fifty-foot-wide right-of-way and the easterly boundary of the 61.86-acre parcel, with the right to locate and the duty to maintain a private driveway or road within that right-of-way for vehicular and pedestrian access to the 6-acre parcel and to the 61.86 parcel, and for underground residential utility lines to the 6-acre parcel. In the 2004 right-of-way easement deed, Appellee-Applicants relinquished to the Town any claim to use the portion of the fifty-foot-wide right-of-way continuing southwesterly of the end of that additional triangle. In the 2004 right-of-way easement deed, the Town may (but has no duty to) improve, repair, or maintain any driveway or road located within the easement area. On land owned by the Town, the Town maintains a hiking trail known as the Gile Mountain Trail, extending towards Gile Mountain at least from the end of the 2004 right-of-way deeded to Appellee-Applicants.

The proposed 18-acre parcel has frontage on Turnpike Road, is bounded on the north by Appellant's property, and contains Appellee-Applicants' existing residence. Access to it is by an existing driveway directly from Turnpike Road. No issues are raised in this appeal with respect to the proposed 18-acre parcel.

The proposed 6-acre parcel has frontage only on the fifty-foot-wide right-of-way on Town land. It is proposed to have access to Turnpike Road by a private road or driveway running along the fifty-foot-wide right-of-way. The proposed 6-acre parcel is intended to be developed in the future for single-family residential use; the subdivision plan shows a building envelope for such future development.

The remaining 61.86-acre parcel is proposed to be conveyed to the Town after conservation easements and use restrictions have been conveyed to be held by the Upper Valley Land Trust. Access to it is proposed to be over the fifty-foot-wide right-of-way and the new easement triangle. It is not proposed for development of any structures.

The proposed three-lot subdivision qualifies to be considered as a minor subdivision under §2.1(B) of the Subdivision Regulations, and to proceed directly to final plan approval as the total density does not exceed one unit per twenty acres. §2.3(A)(1). Two of the conditions imposed in the Planning Commission's approval of the proposed subdivision addressed the issue of the access for the 6-acre lot: that no building permit be issued for a residential structure until a town access permit has been issued for the intersection of

the driveway with Turnpike Road, and until a permanent right-of-way has been granted and recorded by the Town for the portion of that driveway located on Town land.  It is not necessary to the present motions to determine whether these conditions have been satisfied by the March 2004 right-of-way easement (Exhibit E) and the access permit attached to the affidavit of Edwin S. Childs.

In the present appeal the Court only has jurisdiction to determine whether the proposal complies with the requirements of the subdivision regulations.  The Court cannot otherwise resolve private property disputes as between the parties, and cannot interpret deed language unrelated to the requirements of the subdivision regulations.  See, e.g., Appeal of Keough, Docket No. 244-11-02 Vtec (Vt. Envtl. Ct., March 11, 2003).

In Questions 1 and 2 of the Statement of Questions, Appellant challenges whether the language in condition 1 in the 1978 deed from Britton to the Town, conditioned on allowing the Childs to use "a part of the reserved right-of-way for access to" their land, was adequate to provide Appellee-Applicants with rights of access from the proposed 6-acre parcel and the proposed 61.86-acre parcel to Turnpike Road.  Because the Town owns the land lying under the fifty-foot-wide right-of-way, and there is no dispute that the Town has deeded directly to the Childs a new easement for driveways to serve the 6-acre parcel and the 61.86-acre parcel over that fifty-foot-wide right-of-way, the question of whether Appellee-Applicants already held sufficient rights of access over the fifty-foot-wide

right-of-way has become moot. Accordingly, Appellee-Applicants' motion to dismiss Questions 1 and 2 as moot is GRANTED.

In Question 3 of the Statement of Questions, Appellant claims that the language in condition 5 in the 1978 deed of the 7.3-acre triangular parcel from Britton to the Town, that the then-granted "land is not to be used for any over night activities," prevented the Town from later granting the 2004 right-of-way over that land to be used for access to Appellee-Applicant's land.

The Court has jurisdiction to determine whether the 2004 right-of-way was deeded as a permanent easement or right-of-way and whether it is at least twenty feet wide,[4] a prerequisite under the state statute to development of land with access to a public road via a private road or right-of-way. The Court does not have jurisdiction to interpret language in the 1978 deed unrelated to the requirements of the subdivision regulations[5] and the state statute, nor to determine whether Appellant would have standing in superior court to obtain a declaration or interpretation of the deed from Britton to the Town, nor to determine whether any rights reserved to Britton in the 1978 deed may have since transferred to the Town or been extinguished by the Town's acquisition of any additional Britton property benefitted by that right-of-way. Accordingly, Appellee-Applicants' motion to dismiss Question 3 as beyond the jurisdiction of the Environmental Court is GRANTED.

Appellee-Applicants have moved for summary judgment on Question 4 of the Statement of Questions, arguing that the 6-acre lot and the 61.86-acre lot meet the requirements for access to a public road. As of the date of their application, the state statute required that a developable lot without frontage on a public road (or waters) have access to such a public road, approved by the planning commission, by a permanent easement or right-of-way at least twenty feet in width. 24 V.S.A. former §4406(2); and see current §4412(3). The Norwich subdivision regulations do not require a greater width for such an access right-of-way than that required by the state statute. As discussed above, Appellee-Applicants have access from a public road (Turnpike Road) to the 6-acre lot and to the 61.86-acre lot over the 2004 deeded right-of-way. It is a permanent easement or right-of-way, and is fifty feet in width. It is therefore adequate to satisfy the minimum requirements for access to a public road. 24 V.S.A. former §4406(2). Accordingly, Summary Judgment is GRANTED to Appellee-Applicants on Question 4 of the Statement of Questions.

Appellee-Applicants have moved for summary judgment on Question 5 of the Statement of Questions. Appellant argues that subdivision should not be approved because the access "would likely be over a legal trail." The only reference in the Subdivision Regulations to the term "legal trail" is found in Table 3.2, Note 2, which refers to the "Norwich Trails Ordinance" for the information that a "Legal Trail, although

a Town right-of-way, may not be used for vehicle access to a newly created parcel."

Neither party has provided the Trails Ordinance, and it is not incorporated by reference in any regulatory provision of the Subdivision Regulations. All that the Subdivision Regulations require is that any access to a town road be approved by the Selectboard. Even if the 2004 right-of-way were a 'trail' as defined by the state highway statute, 19 V.S.A. §301(8), nothing in the Subdivision Regulations precludes Selectboard approval of a private driveway over a town trail, with appropriate conditions for private maintenance of that driveway.

However, the present case is not an instance of the Town holding a right-of-way for public use as a roadway or footpath over other owners' lands. Rather, the land lying under the fifty-foot-wide right-of-way is owned by the Town; and as owner, the Town has granted a non-exclusive right-of-way easement to Appellee-Applicants for their purposes of placing a driveway for access to the 6.1-acre parcel and the 61.86-acre parcel. Even if that deeded right-of-way also provides pedestrian access to a hiking trail extending to the south and west of that deeded right-of-way, that fact does not transform the land lying under the deeded right-of-way into a legal trail under 19 V.S.A. §301(8). Therefore, Summary Judgment is GRANTED to Appellee-Applicants on Question 5 of the Statement of Questions.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellee-Applicants' Motion to Dismiss Questions 1, 2, and 3 of the Statement of Questions as moot or beyond the jurisdiction of the Court is GRANTED; and Summary Judgment is GRANTED in Appellee-Applicants' favor as to Questions 4 and 5 of the Statement of Questions.

All the issues raised in the Statement of Questions have been addressed in this decision and order, suggesting to the Court that no issues remain to be heard on the merits of the appeal. However, Appellant's Memorandum, at page 8 (top paragraph) and in the "conclusion" section on pages 8-9, argues that if the proposed subdivision were to be approved, additional restrictions and conditions should be imposed. Accordingly, we will hold a telephone conference on March 3, 2005 (notice enclosed) to determine whether any issues remain or whether a judgment order should be entered concluding the appeal.

Done at Berlin, Vermont, this 22nd day of February, 2005.

_____

Merideth Wright

Environmental Judge

─────────────────────────────

[1] Appellee-Applicant Edwin Childs was the Chair of the Planning Commission at the time of the final hearing on this application, but recused himself during the consideration of his application.  In any event, this is a de novo appeal and the parties do not raise any issue regarding this recusal.

[2]  The Jorgensen parcel, formerly part of the Childs' land, is not at issue in this appeal.  It lies westerly of and has frontage on the existing fifty-foot-wide right-of-way, but access to it is by a driveway directly from Turnpike Road.

[3]  It appears from a comparison of Exhibit B and Exhibit F that at least some of the then-retained land owned by Britton at the time the reserved right-of-way was created has since also been conveyed to the Town.  The parties have not presented documents in this proceeding sufficient to determine whether the grantor's and grantee's rights to the 1978 right-of-way have both come into possession of the Town, and, if so, what are the consequences for the purposes of the proposed subdivision.

[4] The Court would also have jurisdiction to determine whether any roadways proposed to be constructed on the right-of-way met the requirements of §3.7 of the Subdivision Regulations; however, compliance of the proposed driveway for the 6.1-acre lot with the requirements of §3.7 is not at issue in this appeal.  The 2004 right-of-way deed allows the driveways to be located within the right-of-way at a width up to that consistent with the private highway specifications in place at the time of development, or such specifications approved by the Selectboard at the time of development.

[5]  We note that all that is before the Court is the subdivision of the property, not any application under the zoning ordinance to make any proposed use of the property.